Ruffin, C. J.
 

 The manner of closing this partnership was so loose, that it is probable one of the parties may have had this sum in his mind as still being due, and not the other, so that the former may, with a good conscience, demand payment, while the latter may, in equally good faith, refuse it. But, from the terms of the agreement of dissolution, and the circumstances of the case, the Court is of opinion, that the $808 12 is not legally to be considered as continuing to subsist as a debt of the firm. It constitutes a part of the plaintiff’s interest in the joint effects, and it paust, consequently, be supposed to have been included in the demands on those effects, for which the plaintiff took a part of them, to the value of $6000. On what account did the plaintiff get that sum ? In or
 
 *114
 
 der to entitle him to that now in dispute, he must sayt that the $6000 was for his stock and profits exclusively. But how is that shewn ? If it had been declared so expressly in the articles, or if it could be seen, that a state of the firm had been made up, and that upon it there would be due to the plaintiff about that sum, for his part of the capital and the gains, then this sum might appear to be still due, as a debt for an extra advance of money.
 

 Indeed, a state of the firm, if truly made, must have shewn this as an outstanding debt, with the others. But nothing of the kind was prepared. It appears, indeed, that an inventory of the debts to the firm and • of the other effects, (except the merchandize,) had just been taken ; but it is obvious, that was a mere list of debtors, and of the amount of the debts on their face, and it did not ascertain the good and bad debts, and compute the true value. It was not an estimate of the assets of the concern, or an account of the respective partners in company. This is put beyond doubt, by the fact stated in the articles, that the goods, in which the plaintiff was, as far as they would go, to be paid the $6000, had not been inventoried, nor their value determined. No list of the debts owing by the firm, appears to have been taken. The conclusion, then, seems certain, that this was a bargain for a dissolution without striking a balance, and at a venture on each side. The inference follows, that when the plaintiff took out of the common property $6000, for his share, it was for his whole share thereof, and not merely for his original stock and a conjectural profit. The memorandum given to the plaintiff by his partner, can make no difference in law. It is only one evidence of the advance, and is no better than an entry in the books to the plaintiff’s credit. We suppose that this sum of $808 12 was, of course, to the credit of his account; and the difficulty is to distinguish and say, that the $6000 did not extinguish that credit, as well as one for the plaintiff’s original share of the capital. In fine,
 
 *115
 
 when the plaintiff, one of the partners, took a large sum, exceeding all his advances of every sort, and took it without computing either profit or loss, and without saying on what accounts in particular he received it, the legal conclusion must be, that it was meant to cover his entire share, and extinguish every demand he had on the effects of the firm; for one item of his demand can he-no more said to survive than another. Therefore, although third persons might have debts against the firm,' the partner, thus provided for on a dissolution, could not be said to have them.
 

 Per Curiam. . Judgment affirmed.